IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIRANDA BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-339-M |
| | ) | |
| OKLAHOMA MEDICAL RESEARCH FOUNDATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Partial Motion to Dismiss, filed June 12, 2012. Plaintiff's response was filed on July 3, 2012. Defendants timely filed her their. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff brings this lawsuit alleging race discrimination in violation of her civil rights under Title VII of the Civil Rights Act of 1964, 41 U.S.C. § 1981 and the Americans with Disabilities Act as amended (ADAAA). Plaintiff was hired as an executive assistant in August 2010 by defendant Sylvia Gografe ("Gografe"), Director of Comparative Medicine and attending veterinarian for defendant Oklahoma Medical Research Foundation ("OMRF"). On or about June 20, 2011 plaintiff was terminated. Plaintiff contends after Gografe discovered she, a Native American female, was married to an African American man, Gografe began making derogatory remarks about her marital relationship. Plaintiff contends Gografe also made comments about her ethnicity, commenting that "she like Indians who had European features." *See* Plaintiff's Amended Complaint, pg. 2. Plaintiff contends that during her employment, Gografe's husband would frequently come to the office and

1

refer to her as a "squaw" and an "Injun". Plaintiff alleges she and her husband both suffer from medical conditions recognized by the ADA and that Gografe ridiculed her for being weak. Plaintiff states she also complained to her supervisor about sexual comments and inappropriate touching by another employee.

Plaintiff contends these actions created a hostile and abusive work environment and that when she reported them to human resources on June 20, 2011, and asked to be transferred, she was terminated. Plaintiff contends as a result of this unlawful behavior she has lost wages, was embarrassed and suffered humiliation, anxiety and worry. Plaintiff contends because the defendants' actions were intentional and malicious, or at least reckless she is also entitled to punitive damages. Additionally, plaintiff contends the extreme and outrageous nature of the comments made constitute a reckless, or intentional infliction of emotional distress.

On or about August 16, 2011, plaintiff states she filed with the EEOC her charge of discrimination and that a right to sue letter was signed on December 29, 2011. Plaintiff filed the instant lawsuit on March 28, 2012. Defendants now seek dismissal of plaintiff's claim of unlawful termination based on her complaint of sexual harassment and intentional or reckless inflection of emotional distress.

II.   Standard of Review

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

Under Sections II and III of defendant's partial motion to dismiss, defendants argue plaintiff's claims of unlawful termination and retaliation based on her complaint of sexual harassment should be dismissed. Plaintiff in her response denies she asserted a sexual harassment or retaliation claim. In light of the above, the Court finds defendants' motion to dismiss plaintiff's purported claims of unlawful termination and retaliation based on plaintiff's complaint of sexual harassment is moot.

In Count III of her Amended Complaint plaintiff alleges a claim of reckless or intentional infliction of emotional distress. Specifically, plaintiff alleges Gorgrafe, as her supervisor, reticuled her by demanding that she divorce her husband, offering to pay for the divorce, promising a raise if she got the divorce and suggesting that plaintiff's spouse should commit suicide. Plaintiff also

3

contends along with these acts, her supervisor's knowledge of her desperate financial condition resulted in outrageous conduct beyond the norm of civilized behavior. Defendants contend plaintiff's claim of intentional or reckless infliction of emotional distress should be dismissed. Specifically, defendants contend plaintiff has failed to plead sufficient facts reflecting extreme suffering or the required outrageous conduct.

To make a claim for intentional infliction of emotional distress, a plaintiff must plead and prove:

> (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.

*Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 734 (Okla. 2002).

Defendants contend the alleged employment conduct fails to meet the extreme or outrageous standard to establish a claim for intentional infliction of emotional distress. Specifically, defendants contend the comments alleged to have been made by Gografe, during the ten months plaintiff was employed by OMRF, even if true, fail to state a claim for intentional infliction of emotional distress. Defendants also contend plaintiff's allegation that she continued to suffer from panic attacks and took anxiety medication as she did prior to her employment with OMRF is insufficient to state a claim.

Having carefully reviewed plaintiff's Amended Complaint, the Court finds plaintiff has not alleged sufficient facts to demonstrate that defendant Gografe's conduct was extreme and outrageous or that as a result of her actions plaintiff has suffered severe emotional distress. Specifically, the Court finds plaintiff's conclusory allegations as to her continuing to take anxiety medication as she did prior to her employment does not rise to the level of actionable distress required. Accordingly,

the Court grants defendant Gografe's motion to dismiss plaintiff's intentional infliction of emotional distress claim.

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Partial Motion to Dismiss [docket no. 24] as to plaintiff's claim of intentional infliction of emotional distress and finds all remaining requests within defendants' motion moot, specifically the dismissal of a purported claim of unlawful termination based on plaintiff's complaint of sexual harassment.

**IT IS SO ORDERED this 4th day of March, 2013.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE